**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                **07-CR-251S**

**RICKY TRECARTIN,**

        **Defendant.**

─────────────────────────────────


## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.


## PRELIMINARY STATEMENT

        The defendant, Ricky Trecartin  ("the defendant"), is charged in a one count Indictment with conspiring to smuggle more than 6,800 ecstacy tablets into the United States from Canada in violation of Title 21 U.S.C. § 963.  (Docket # 20).  He has filed an omnibus motion wherein he seeks: (1) "discovery pursuant to FRCrP 16;" (2) "fixing a time for disclosure of Title 18, USC. § 3500, FRE  § (sic) 404(b), FRE § (sic) 609, FRE 807, and FRCrP § (sic) 16(a)(1)(E)[1] materials;" and (3) "leave to file such additional motions which may become necessary as a result of the above

─────────────────────────

       [1]  The defendant erroneously cites Rule 16(a)(1)(E) as the provision covering "experts" when in reality it should be Rule 16(a)(1)(G).

motions." (Docket #30).

The government has filed its response to the defendant's motions. (Docket #32).

Each of the aforesaid requests of the defendant will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1.     Defendant's Motion For Rule 16 Fed. R. Crim. P. Discovery:**

The defendant has set forth a lengthy list of information and materials he seeks to have produced by the government pursuant to Rule 16 of the Fed. R. Crim. P. (Docket #30, pp. 4-12).

In response to this request, the government asserts that "it has complied with its obligations to provide disclosures of all information within the scope of Fed. R. Crim. P. 16." (Docket #32, p. 6).

Based on the government's representation of compliance, the defendant's motion is DENIED on the basis that it is moot.

**2.**    **Defendant's Motion Requesting A "Fixing Of Time For Disclosure Of Title 18, USC § 3500 Materials:"**

Title 18 U.S.C. §3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination.  Nevertheless, if the government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order issued by the trial judge.

**3.**    **Defendant's Motion For Production of F.R.E. 404(b) Material:**

The defendant requests that "any alleged criminal or immoral conduct on the part of the accused intended to be used against him on [the] government's direct or rebuttal case" be produced.  (Docket #30, p. 12, ¶ 32).

Rule 404(b) Fed. R. Crim. P. Only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial."

Since the government is obligated to give such pretrial notice if it intends to use such evidence at trial, the defendant's request is moot.  However, as to when that notice is to be given shall be determined by the scheduling order issued by the trial judge.  Therefore, defendant's motion is DENIED.

**4.      Defendant's Request For F.R.E. 609 Information:**

The defendant requests that "any evidence of prior convictions of witnesses which may be used for impeachment at trial" be produced.  (Docket #30, pp. 12-13, ¶ 33).

Except for convictions that are older than ten (10) years, there is no requirement under Rule 609 F.R.E. that prior notice be given or that pretrial production of conviction records be turned over by the government to the defendant.  Therefore, the defendant's motion is DENIED, but the government is directed to supply such information to the defendant in accordance with the scheduling order issued by the trial judge.

**5.      Defendant's Request For F.R.E. 807 Statements:**

The defendant requests "that the Court fix a date well before the trial of this action when the government must disclose to substance (sic) and the witness to be used for any such evidence" pursuant to Rule 807 F.R.E.  This request is premature in that this issue will be covered in the scheduling order to be issued by the trial judge. Therefore, the defendant's motion is DENIED without prejudice.

**6.      Defendant's Request For Disclosure Of Expert Witnesses:**

The government advises that it "does not intend to call any expert witnesses, other than the chemist responsible for analyzing ecstacy seized from

Ezell Butler and Vicki Peterson at the border."  It further states that it "will provide the chemist's *curriculum vitae* in advance of trial, pursuant to the District Court's schedule" and acknowledges its "obligation to supplement [its] expert disclosure sufficiently in advance of trial to permit the defendant to meet it."  (Docket #32, p. 9).

Based on the government's representations, the defendant's motion is DENIED on the basis that it is moot.

**7.      Defendant's Request To File Additional Motions:**

The defendant requests leave to file "additional motions which may become necessary as a result of disclosure by the government in response to this (sic) motion."  (Docket #30, p. 6, ¶ 35).

This request is GRANTED subject to the limitations contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:      Buffalo, New York**
**            March 20, 2009**